UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Kevin DIMARTINO, Michael MILCHIN, Steven PAGARTANIS, Kenneth PELLETIER, John MATERA, & Eugene CASTELLE,<br>*Petitioners*, | ) ) ) ) ) ) | 3:21-CV-00498 (KAD) |
| v. | ) ) | |
| ACTING WARDEN Jessica SAGE,<br>*Respondent*. | ) ) | JANUARY 13, 2022 |

<u>**MEMORANDUM OF DECISION**</u>
**Re: RESPONDENT'S MOTION TO DISMISS, ECF No. 14**

Kari A. Dooley, United States District Judge:

Kevin Dimartino, Michael Milchin, Steven Pagartanis, Kenneth Pelletier, John Matera, and Eugene Castelle, together the "Petitioners," filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on April 28, 2021.[1] Therein, the Petitioners claim that they have been subject to unconstitutional conditions of confinement insofar as the Respondent has been deliberately indifferent to their serious medical conditions in violation of the Eighth Amendment prohibition against cruel and unusual punishment.[2] They seek release to home confinement. Pending before the Court is a motion to dismiss filed by the Respondent, Acting Warden of Federal Corrections Institution Danbury, Jessica Sage.

---

[1] Petitioners filed an initial petition for habeas corpus relief on April 9, 2021. However, Petitioners' submission was not signed by any of the parties, and the Court dismissed this petition without prejudice to refiling within thirty days.
[2] The Petitioners and *Amicus* paint a compelling and concerning picture regarding the timeliness and adequacy of the health care being provided to inmates, especially those with serious diagnoses and identified needs. Although the Court dismisses the petition for the reasons discussed, it is the Court's hope and expectation that the mere filing of the petition has garnered the attention of the Respondent and others such that proper redress, if in fact appropriate, can be provided.

For the reasons set forth below, the Motion to Dismiss is GRANTED without prejudice. Additionally, the Petitioners' Amended Motion to Appoint Counsel, ECF No. 19, is denied as MOOT.

**Procedural History and Background**

In their amended petition, Petitioners allege that they are currently inmates in Bureau of Prisons ("BOP") custody at the Federal Corrections Institution Danbury ("FCI Danbury"). They purport to bring their petition "on behalf of all current and future inmates who are in the custody of BOP at FCI Danbury."[3] (ECF No. 6, 1.) Petitioners generally allege that systemic inadequacies of medical care constitute deliberate indifference to their medical needs in violation of the Eight Amendment. (*Id.*) Petitioners maintain that the Respondent's health care system for inmates fails to diagnose serious conditions, provide timely care, administer appropriate medications, employ adequate staff, and identify and correct its own failings. (*Id.* at 2.) The amended petition also includes general allegations relevant to FCI Danbury's approach to the COVID-19 pandemic.[4] (*E.g.*, *id.* at 6.) Of significance here, the only form of relief sought is an "order granting home confinement to plaintiffs who suffer from serious medical concerns, or at risk of serious medical concerns so they may address these medical concerns," or "any *further* relief as the court deems necessary." (*Id.* at 1, 2 (emphasis added).)

---

[3] In these proceedings, Petitioners seek to represent a purported class and therefore seek the appointment of class counsel. As *pro se* litigants, the Petitioners cannot represent third parties. *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[A] person may not appear on another person's behalf in the other's cause."). And as no class has been certified, the Court has treated this petition as a multiparty proceeding. The Court need not go further and take up the issues of certification or the appointment of class counsel because the motion to dismiss is being granted.

[4] These allegations, which Petitioners have reinforced in subsequent filings, *e.g.*, ECF No. 30, might have been fairly read to challenge the Respondent's compliance with the settlement agreement reached in *Whitted v. Easter*, No. 3:20-cv-00569 (MPS) (D. Conn.). On this basis, the Respondent asserts that this action is barred by the express terms of that agreement. The Court need not take up these arguments because it dismisses the petition on other grounds.

As to the individual Petitioners, they specifically allege that the Respondent maintains a gross backlog of pending sick call requests and that, as a result of these backlogs, the Petitioners have been subject to significant delays in receiving medical care, putting them at risk of serious harm. (*Id.* at 2.) Attached to the amended petition were medical and treatment histories for each of the six petitioners, and these histories demonstrated that the petitioners suffer from a variety of medical conditions for which various treatment modalities have been recommended. (*Id.* at 4–5.) These histories include particularized allegations of delayed medical care, for example, an allegation that one of the petitioners has not received outside medical care notwithstanding an "urgent" referral in September 2020.[5] (*Id.* at 5.)

On May 5, 2021, the Court entered an Order to Show Cause directing the Respondent to respond to the amended petition. The Respondent filed an appearance, a motion to substitute a party,[6] and a motion to dismiss on May 24, 2021. (ECF Nos. 12–14.)

On June 16, 2021, Petitioners filed a motion for extension of time to respond to Respondent's motion to dismiss as well as a motion to appoint counsel. (ECF No. 17.) The Court granted the motion for extension of time on June 25, 2021 while denying the motion to appoint counsel. (ECF No. 18.)

Petitioners filed an amended motion to appoint counsel that included a response to the Respondent's motion to dismiss on July 22, 2021. (ECF No. 19.) Petitioners followed this submission on July 29, 2021 with a Notice of Related Case, which indicated that this case was

---

[5] On several occasions, Petitioners have also submitted what appear to be copies of their medical records, *e.g.*, the sealed documents at ECF Nos. 10 and 11. The Court sealed these documents to protect Petitioners' privacy interests. *See* Order, ECF No. 9.
[6] The Court granted the motion to substitute Acting Warden Jessica Sage as the named Respondent.

related to the *Whitted v. Easter* matter, *supra*, and requested that Petitioner's case be transferred to Judge Shea.[7] (ECF No. 20.)

On August 6, 2021, James Whitted filed a motion to appear as *Amicus Curia* and to file a brief addressing some of the issues raised in the Respondent's motion to dismiss. (ECF No. 21.) The Court granted the motion and provided the Respondent an opportunity to respond, an opportunity of which the Respondent did not avail herself. (ECF No. 22.) The *Amicus* brief filed by Mr. Whitted advanced three arguments in favor of Petitioners: (1) that the settlement agreement in *Whitted* did not bar this action; (2) that, as noted during the *Whitted* litigation, there were systemic issues with the health care system at FCI Danbury; and (3) that appointing counsel in this matter is appropriate. (ECF No. 21.) *Amicus* did not substantively address the question of whether this action was subject to the Prison Litigation Reform Act, the issue on which this decision turns.

**Legal Standard**

The court "reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." *Spiegelmann v. Erfe*, No. 3:17-cv-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (citing *Purdy v. Bennett*, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002)); *see also Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 452–53 (D. Conn. 2020) (entertaining a motion to dismiss a § 2241 petition).

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[7] Because the Court found that this matter is unrelated to the *Whitted v. Easter* case, the Court did not transfer the case to Judge Shea. *See* D. Conn. L. Civ. R. 40(b).

*Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

In seeking dismissal of the petition, the Respondent advances four arguments: (1) The relief sought by the Petitioners is barred by the Prison Litigation Reform Act (PLRA); (2) The Petitioners have failed to demonstrate or plead any exhaustion of their administrative remedies under either the judicially created exhaustion requirements for a § 2241 petition or the statutorily created requirements in the PLRA; (3) The petition is barred by the settlement in *Whitted v. Easter*; and (4) A multi-party habeas class treatment is not appropriate in this case. In response, Petitioners renew their request for counsel, disagree with the Respondent's characterization of their claims, assert that they have exhausted administrative remedies—or alternatively that the administrative review process is unresponsive to their needs—and reiterate that the conditions of confinement at FCI Danbury are unconstitutional. And as noted above, the Petitioners had the support of *Amicus* with respect to some of these issues.

Prisoners who are being held "in custody in violation of the Constitution or laws or treaties of the United States" may file for a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). In the Second Circuit, federal prisoners may use a § 2241 petition to challenge the conditions of their confinement, to include a claim that prison staff have been deliberately indifferent to their medical

needs, regardless of whatever claims and remedies may be available under a different authority. *See Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008). The Respondent does not challenge the Petitioners' ability to advance their claims by way of a § 2241 petition. Instead, Respondent argues that the PLRA applies to this petition and that the PLRA bars the relief sought by Petitioners.

The Court first addresses the threshold question of whether the PLRA is even applicable to § 2241 habeas petitions under existing Second Circuit precedent. The Second Circuit Court of Appeals has held that habeas petitions are not "civil actions" within the meaning of the PLRA for the purposes of *in forma pauperis* filings pursuant to 28 U.S.C. § 1915, allowing habeas petitions to be filed without meeting the PLRA's filing fee requirements. *See Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996) *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see also Leonard v. Lacy*, 88 F.3d 181, 182–84 (2d Cir. 1996) (discussing how the PLRA amended 28 U.S.C. § 1915, the statute governing *in forma pauperis* filings). However, *Reyes* involved a petition filed pursuant to § 2254 that challenged the fact or duration of the prisoner's confinement. The decision did not address whether § 2241 petitions that challenge a prisoner's conditions of confinement are "civil actions" within the meaning of the PLRA.

In *Jones v. Smith*, the Second Circuit confirmed that whether the PLRA applies to § 2241 petitions remains an unanswered question. *See* 720 F.3d 142, 147 n.3 (2d Cir. 2013). Therein, the Circuit assumed, without deciding, that the holding in *Reyes* was intended to include only "habeas corpus petitions that challenge criminal convictions and sentences, and not petitions sometimes brought under 28 U.S.C. § 2241, that complain of conditions of confinement, which are analogous to suits under 42 U.S.C. § 1983 complaining of conditions of confinement." *Id.* Consistent with *Reyes*, the *Jones* Court ultimately held that habeas petitions brought pursuant to § 2254 and § 2255

were not civil actions for purposes of the three strikes provision of the PLRA. *Id.* at 144. In so holding, the Court continued to rely, in part, on the underlying purposes of the PLRA, to wit: curbing "frivolous litigation by prisoners challenging conditions of their confinement," which are claims that are often pursued under § 1983. *See id.* at 147 (citation and quotation omitted). Accordingly, the Court stated that "[t]here is simply no evidence that the PLRA's sponsors or Congress as a whole thought that habeas petitions challenging *the fact or duration of confinement* were the problem that they were trying to solve. Without such evidence, we decline to extend the three strikes provision to cover habeas petitions *filed under §§ 2254 and 2255*." *Id.* (emphasis added).

*Reyes* and *Jones*, then, do not foreclose the applicability of the PLRA to a § 2241 petition challenging a prisoner's conditions of confinement. To the contrary, these cases support the conclusion that the PLRA may apply to habeas petitions brought pursuant to § 2241 which challenge conditions of confinement. The Court next turns to the instant petition and whether, as argued by Respondent, the PLRA's limitations are applicable.

The PLRA requires that:

>   (a) Requirements for relief.—
>
>>     (1) Prospective relief.—(A)Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right and is the least intrusive means necessary to correct the violation of the Federal right. . . .
>>
>>     (3) Prisoner release order.—(A) In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless—

7

> (i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and
>
> (ii) the defendant has had a reasonable amount of time to comply with the previous court orders.

18 U.S.C. § 3626. The PLRA further requires that a prison release order only be entered by a three-judge panel, and even then only if both "crowding is the primary cause of the violation of a Federal right" and "no other relief will remedy the violation of the Federal right." 18 U.S.C. § 3626(a)(3)(B–E).[8]

Both restrictions on ordering prospective relief and granting prison release orders apply to "civil action[s] with respect to prison conditions," which the PLRA defines as:

> [A]ny civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, *but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison*.

18 U.S.C. § 3626(g)(2) (emphasis added). Therefore, if the instant habeas petition is a "civil action with respect to prison conditions," then the Court cannot enter an order providing for any prospective relief that is greater than necessary to alleviate the alleged wrong, nor can it enter a prison release order.

Preliminarily, there is little question that the instant petition challenges the conditions of confinement at FCI Danbury. Neither Petitioners nor *Amicus* assert to the contrary. So the question is whether this petition is also a "habeas corpus proceeding" that challenges "the fact or duration of confinement in prison" which falls outside the definition of a "civil action with respect to prison

---

[8] There is no dispute as to whether any of these prerequisites, if applicable, have been met. They have not.

conditions." *See Martinez-Brooks*, 459 F. Supp. 3d at 433–35.[9] In *Martinez-Brooks*, Petitioners challenged the response to the COVID-19 pandemic implemented at FCI Danbury, including whether the Warden had adequately and appropriately considered the compassionate release protocols established by the Attorney General, and as a class sought, among other relief, release to home confinement or home detention.[10] *Id.* at 430–31. The Respondent argued, *inter alia*, that insofar as the class of petitioners sought release from custody, the petition was barred by the PLRA. *Id.* at 433. Judge Shea disagreed and determined that the habeas petition challenged both the prisoners' conditions of confinement and the "fact or duration of confinement in prison," causing the petition to fall outside the parameters of the PLRA. *See id.* at 435, 435 n.17. In so holding, Judge Shea observed that the petitioners "contend[ed] that the Eighth Amendment violation inheres in their incarceration at Danbury FCI and cannot be remedied unless they are removed from that setting." *Id.* at 434. Judge Shea further found that Petitioners were able to make this showing because of the unique nature of the COVID-19 pandemic, the response to which required the reduction of the inmate population to mitigate the risk of transmission and ensure that the Eighth Amendment's precepts were met. *See id.* In other words, because the injury to the petitioners in *Martinez-Brooks* could only be cured by their removal from confinement, the petition challenged "the fact of" their confinement in addition to their conditions of confinement, and the petition was not therefore barred by the PLRA. *See also Fernandez-Rodriguez v. Licon-Vitale*, 470 F. Supp. 3d 323, 361 (2020) (finding *Martinez-Brooks* persuasive where inmates challenged the facility response to COVID-19 and sought not only injunctive relief but also release from custody

---

[9] *Martinez-Brooks* is the same case as *Whitted v. Easter*. James Whitted, *Amicus* here, became the lead party in that case after Dianthe Martinez-Brooks was dismissed from the case. *See* Order dated June 15, 2020, ECF No. 108 in *Whitted v. Easter*, No. 3:20-cv-00569 (MPS) (D. Conn.).

[10] The *Martinez-Brooks* petitioners also sought, together or in the alternative, injunctive relief which fell short of an order releasing them to home confinement. Petitioners here seek no such alternative relief.

for a subclass of inmates and agreeing that a habeas petition challenging both the conditions of confinement and the fact of confinement is not barred by the PLRA.). But the situation in *Martinez-Brooks* is not the situation before this Court.

Here, Petitioners challenge the conditions of their confinement, specifically the adequacy of their medical care, in a fashion very similar to a civil rights claim brought pursuant to 42 U.S.C. § 1983. *See Jones*, 720 F.3d at 145 n.3; *see also Ilina*, 591 F. Supp. 2d at 150 (noting that relief for unconstitutional conditions of confinement for federal prisoners is available under § 2241 and rejecting the argument that petitions akin to a civil rights claim must be brought as such). Petitioners claim that the Respondent has been deliberately indifferent to their medical conditions by failing to timely provide treatment, follow-up appointments, and referrals despite knowing that the Petitioners suffer from serious medical conditions requiring additional treatment. But unlike the situation in *Martinez-Brooks*, the conditions complained of do not inhere to the fact of their confinement because the concerns raised can be remedied through appropriate injunctive relief. The Respondent can be ordered to provide appropriate medical care, on both an individual and systemic basis. *See Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir. 2008) (reversing dismissal of a § 2241 petition which sought individualized injunctive relief from prison conditions while observing that "[t]his court has long interpreted §2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfer, type of detention and prison conditions.'") (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *Todaro v. Ward,* 565 F.2d 48, 53–54 (2d. Cir. 1977) (affirming district court's injunctive relief directing prison authorities to implement specific reforms to the process by which medical care is sought and administered at Bedford Hills Correctional Facility); *see also Ziglar v. Abassi,* 137 S. Ct. 1843, 1849 (2017) (noting the

availability of both requests for injunctions and habeas petitions to address federal conditions of confinement claims). Yet, Petitioners seek no such relief. And Petitioners have not, because they cannot on the basis of these allegations, articulated how release from custody is necessary to alleviate the alleged constitutional injuries, a showing that might implicate "the fact or duration of" their confinement for purposes of the PLRA.

This Court is not the first to reach this conclusion. *See Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020) (applying the PLRA to a habeas petition brought pursuant to § 2241 challenging the prison response to the COVID-19 pandemic and holding that the PLRA precluded the relief sought—release from custody). In *Alverez,* the court held that the § 2241 petition fell within the scope of the PLRA insofar as it did not challenge the "fact or duration of confinement" under "any good faith calculus." *Id.* at 866. The court observed that the Plaintiffs did "not challenge the reason for their confinement, their conviction or charge, the length of their sentence, or a release determination based on good time credits—claims that are often characterized as 'the core of habeas corpus.'" *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Rather, the court held, the "Plaintiffs' claims rest entirely on the conditions of the [correctional] facility." *Id.* at 865. The same is true here. For all of these reasons, the Court concludes that this § 2241 petition is subject to the requirements and limitations set forth in the PLRA.

The next issue is whether the PLRA bars the relief requested by the Petitioners. As discussed above, prospective relief under the PLRA must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A). Here, petitioners do not seek narrowly tailored injunctive relief to address their medical needs. Rather, they seek an order granting them home confinement or "any *further* relief" the Court deems necessary. This is

11

certainly not the least intrusive remedy necessary to correct the Federal violation. Instead, the petition seeks "the most sweeping form[s] of relief . . . right off the bat." *See Money v. Pritzker*, 453 F. Supp. 3d 1103, 1126 (N.D. Ill. 2020). Given the availability of injunctive relief tailored to their individual medical needs, an order granting home confinement would run afoul of the PLRA's "narrowly drawn" requirements concerning prospective relief. The motion to dismiss can be granted on this basis alone.

Notwithstanding, the petition is also subject to dismissal insofar as it seeks a "prison release order." As discussed above, the PLRA precludes the entry of a "prison release order" except by a three-judge panel and only after several other perquisites have been met. A "prison release order" is "any order . . . that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison." 18 U.S.C. § 3626(g)(4). Therefore, if the requested relief would have the purpose or effect of reducing or limiting the prison population, or if the requested relief would direct release from a prison, then the requested relief is a prison release order for purposes of the PLRA. *See Money*, 453 F. Supp. 3d at 1125. Under the plain text of the PLRA, Petitioners seek a prison release order. Petitioners, individually and collectively, request an order granting them home confinement which, of course, would require an order directing their release from prison. And because only the authority of a three-judge panel could enter such an order, "this Court, standing alone, lacks the authority to issue" the requested relief. *Id.* at 1126 (citing 18 U.S.C. §§ 3626(a)(3), (g)(4)).

Accordingly, the Court concludes that Petitioners have failed to state a claim for which the relief sought may be granted. The Court does not reach Respondent's alternative arguments.[11]

**Conclusion**

---

[11] The Court observes that had it been necessary to reach the question of whether the petition should proceed on a class-wide basis, it would have appointed counsel to assist with that issue and to represent the class, as needed.

12

For the forgoing reasons, the Motion to Dismiss is GRANTED without prejudice. The Petitioners' Amended Motion to Appoint Counsel, ECF No. 19, is denied as MOOT.

The Clerk of the Court is directed to dismiss this action and close the file.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of January 2022.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE